**EXHIBIT "1"**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Former Fresno Police Officer Gregory Catton; Fresno Police Officer Robert Martinez; Fresno Police Officer Robert Thompson; the City of Fresno; DOES 3-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Mario Peralez



FILED
MAR 10 2014
FRESNO COUNTY SUPERIOR COURT
By_____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Fresno Superior Court, Civil Division
1130 O Street, Fresno, CA 93721

CASE NUMBER:
*(Número del Caso):*
13CECG03191 KCK

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin G. Little, Esq., 1099 E. Champlain Drive, No. A124, Fresno, CA, 93720, (559) 708-4750

DATE: MAR 10 2014          Clerk, by L. ESPARZA , Deputy
*(Fecha)*                   *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

KEVIN G. LITTLE, SBN 149818
ATTORNEY AT LAW
1099 E. Champlain Drive, Suite A-124
Fresno, California 93720
Telephone: (559) 708-4750
Email:

Attorney for Plaintiff Mario Peralez

FILED
MAR 10 2014
FRESNO COUNTY SUPERIOR COURT
By_____

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR COUNTY OF FRESNO, CIVIL DIVISION

***

| | |
|---|---|
| MARIO PERALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>FORMER FRESNO POLICE OFFICER GREGORY CATTON; FRESNO POLICE OFFICER ROBERT MARTINEZ; FRESNO POLICE OFFICER ROBERT THOMPSON; THE CITY OF FRESNO; DOES 3-20,<br><br>    Defendants. | No. 13CECG03191 KCK<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>42 U.S.C. § 1983<br>▸ Unconstitutional Arrest<br>▸ Excessive Force<br>▸ Unconstitutional and Retaliatory Prosecution<br>▸ Municipal Liability<br>Civil Code § 52.1<br>False Arrest<br>Battery<br>Negligence<br>C.C.P. §§ 526, 1060<br><br>JURY TRIAL DEMANDED |

TO THE HONORABLE COURT:

Plaintiff Mario Peralez, through his undersigned counsel, hereby makes the following amended allegations against the named defendants. This amended pleading is being filed in accordance with Code of Civil Procedure § 472, since the complaint has not yet been served or responded to. Plaintiff will serve this amended pleading on the named defendants

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

with process in this action.

## JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in the Superior Court of California for the County of Fresno because, at all times relevant hereto, one or more of the defendants resided in Fresno County, and the occurrences giving rise to plaintiff's injuries took place in Fresno County.

2. This is an action that exceeds the twenty-five thousand dollar ($25,000) minimum jurisdiction requirement for unlimited civil cases.

## COMPLIANCE WITH STATE CLAIM PROCEDURES

3. Plaintiff has complied with the pertinent provisions of the California Government Code by submitting a claim for damages to the County of Fresno on February 4, 2013, within six months of the incident giving rise to this action, and he has further complied with those provisions by filing this action on October 10, 2013, within six months of the service date of the denial of said claim on April 26, 2013.

## PARTIES

4. Plaintiff Mario Peralez ("Peralez") is a citizen and resident of the State of California, County of Fresno.

5. Defendant Former Fresno Police Officer Gregory Catton ("Officer Catton") was employed by the Fresno Police Department as a police officer from 2007 to 2013. At all material times herein, Officer Catton acted individually and within the course and scope of his employment with the City. Officer Catton is sued in his personal capacity for acts he performed under color of law, and he is also sued in his personal capacity under state law for the causes of action set forth herein.

6.      Defendant Fresno Police Officer Robert Martinez ("Officer Martinez") is employed by the Fresno Police Department as a police officer. At all material times herein, Officer Martinez acted individually and within the course and scope of his employment with the City. Officer Martinez is sued in his personal capacity for acts he performed under color of law, and he is also sued in his personal capacity under state law for the causes of action set forth herein. Officer Martinez was named in the original complaint as DOE 1.

7.      Defendant Fresno Police Officer Robert Thompson ("Officer Thompson") is employed by the Fresno Police Department as a police officer. At all material times herein, Officer Thompson acted individually and within the course and scope of his employment with the City. Officer Thompson is sued in his personal capacity for acts he performed under color of law, and he is also sued in his personal capacity under state law for the causes of action set forth herein. Officer Thompson was named in the original complaint as DOE 2.

8.      Defendant City of Fresno ("Fresno") is a local municipal body and a political subdivision of the State of California. Fresno is primarily responsible for funding and supervising the Fresno Police Department. As more specifically alleged herein, plaintiff is informed and believes that the customs, policies and practices of Fresno contributed to the constitutional violations alleged herein. Fresno is also vicariously liable under state law for the misconduct of its individual employees.

9.      At all material times herein, defendants DOES 3 through 20, whose names and capacities are currently unknown were employed by Fresno County and acted individually and within the course and scope of their employment, either in a supervisorial or ministerial capacity. Along with the named defendants, each DOE defendant is responsible in some manner for the injuries and damages alleged herein. Plaintiff will further amend this First

Amended Complaint to rename these defendants as soon as their respective names and capacities are ascertained. These fictitious defendants are sued in their personal capacities for acts they performed under color of law, and they are also sued in their personal capacities under state law for the causes of action set forth herein.

## FACTUAL ALLEGATIONS

10. On the early morning of October 6, 2012, Peralez was leaving Fajita Fiesta, a restaurant and nightclub located on the southwest corner of Shaw and Cedar Avenues in Fresno. Peralez had been socializing with a group of friends and associates at Fajita Fiesta, and several of them were conversing for a few minutes in the adjoining parking lot prior to leaving, or, in Peralez's case, while he was waiting for his ride to come get him. Peralez was not breaking any laws by doing what he was doing.

11. Just a few minutes after they reached the parking lot, Peralez and the others were descended upon by several Fresno Police Department officers, including Officers Catton, Martinez and Thompson. Peralez and the others who remained in the parking lot were rudely and summarily ordered to disperse by the officers. Those who had cars to go to began to head to their cars, and those who, like Peralez, were waiting for rides began to move to another location.

12. It must be noted that Peralez was not loitering for purposes of California Penal Code § 647(h) because he did not have an unlawful purpose and was not seeking an opportunity to commit any criminal act. Moreover, Peralez was in a parking lot, an area open to general public access for purposes of Penal Code § 554. As common sense dictates, people without criminal intent are allowed to remain present in parking lots for reasonable amounts of time, and the arriving officers did not do any investigation that would have

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF                                              -4-

permitted them to determine that Peralez, or any one else present, was loitering.

13. Without provocation, notice, or any justification, Officer Catton shot Peralez in the back with a round of less-lethal, sometimes referred to as "beanbag," ammunition. Startled and not aware of what hit him, Peralez instinctively turned around, only to be hit instantaneously with another less-lethal round in his chest abdomen area. Peralez reasonably estimates that the second round was fired from a very close distance, less than ten feet.

14. It must be stated that the term "less-lethal" does not mean "less than lethal" in law enforcement parlance. "Less-lethal" simply means that the force is much less likely to produce a lethal result than typical ammunition, but the potential for a lethal result still exists. This is especially the case when a less-lethal round strikes a subject in the head, torso (as occurred here), or spine. Less-lethal ammunition fired from very close range, as in the above-described instance, also is particularly dangerous and potentially lethal. In all of these instances, there is a significant chance that death or serious physical injury could result. Because of the serious potential injuries associated with less-lethal rounds, they are considered an intermediate level of force for police training purposes typically intended for armed, aggressive, or threatening individuals. Peralez fell into none of these categories. POST teachings specifically deem the use of less-lethal weapons to facilitate an arrest to be inappropriate.

15. Officers Catton, Martinez and Thompson compounded this initial use of excessive force by using additional force on Peralez. After Peralez was felled and injured by the less-lethal rounds, these officers put their knee in his back, struck him, and ground his face into the pavement during the course of handcuffing him. This resulted in an injury to

Peralez's upper lip, and a large abrasion to the right side of Peralez's face that has left him permanently scarred. Again, there was no justification for this use of force, since Peralez had not done anything unlawful and was not presenting a threat to any officer on scene.

16. In addition to firing two needless rounds of less-lethal ammunition at Peralez, and then striking him and grinding his face into the pavement, these officers arrested him for four bogus misdemeanors, even though Peralez had done nothing unlawful. The misdemeanor charges were obstructing an officer (Penal Code § 148), disorderly conduct (Penal Code § 647), disturbing the peace (Penal Code § 415) and being under the influence of a controlled substance (Health and Safety Code § 11550). Peralez is informed and believes that Officer Catton was the arresting officer, based on the citation provided to him, but later produced reports show that Officers Martinez and Thompson also participated in this arrest. Peralez is also informed and believes that he was arrested on these four contrived misdemeanors in order to justify the excessive force to which he was subjected.

17. The ambulance records indicate that Peralez was tied to a backboard by the officers on scene. Peralez does not know who did this, but that measure was also unnecessary. While Peralez was, quite understandably, upset and angered by the force that was used on him, he at no time threatened the officers or anyone else on scene.

18. In the aftermath of the incident, Peralez was taken by ambulance to Community Regional Medical Center - Fresno for his substantial injuries. Both the ambulance and emergency room records indicate that Peralez was arrested because, according to officers, he had been fighting with another individual and then became violent and aggressive with the officers. These facts are totally false and were intentionally misreported to justify the injurious force used against Peralez. Peralez is informed and believes that Officers Catton, Martinez

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF          -6-

and Thompson would have been the officers who provided this false information to his medical providers. After receiving medical attention, Peralez was booked in the Fresno County Jail, where he remained for a short period of time before being released.

19. Although Peralez received a January 8, 2013 court date to appear on the four misdemeanors listed in his citation, the Fresno County District Attorney did not charge him with any crime at that time. When Peralez went to the Fresno County Superior Court that day, he was told by court personnel that no charges had been filed.

20. On February 4, 2013, Peralez presented a claim for damages to the City of Fresno complaining about the October 6, 2012 incident. On February 5, 2013, Peralez submitted a California Public Records Act request for information pertaining to the incident to Fresno, also requesting that all documentation and evidence be preserved because it related to imminent legal proceedings. Thus, by February 5, 2013, Peralez had clearly indicated that he intended to take legal action based on the October 6, 2014 incident. It is noteworthy that Fresno never acknowledged or responded to Peralez's CPRA request, which was repeated on February 27, 2013.

21. In late February 2013, Fresno Police Officers came unannounced to Peralez's residence, indicating they wanted to take his statement regarding the incident. Peralez was represented by counsel at that time, as indicated in his claim for damages. Peralez told the officers he would not speak with them and to contact his attorney. The officers were insistent and intimidating in their contact with Peralez. Shortly after this attempted contact, on February 27, 2013, Peralez advised the City of Fresno in writing that he would not submit to an interview and requested that he not be contacted further by Fresno Police Officers regarding the incident.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF        -7-

22. In September 2013, shortly before the deadline for Peralez to act upon the denial of his claim for damages and file suit, he received a highly irregular notification from the Fresno Police Department that the date of appearance on his original citation was "in error" and that he was scheduled to appear on November 10, 2013. This notification was signed by Dolores Madrid, a Fresno Police Department employee. Peralez is informed and believes that the "corrected" appearance date for his citation appearance was nothing more than a department-ratified intimidation tactic, designed to discourage him from pursuing his civil rights. Peralez also believes that one or more of his arresting officers encouraged, requested or assisted in this notification.

23. On or about September 9, 2013, a misdemeanor criminal case was filed against Peralez in the Fresno County Superior Court, No. 13CM925182. The criminal complaint contained three contrived charges, under Penal Code §§ 148(a)(1), 415(1) and 647(f). These three criminal charges were filed based upon the false reports of Officers Catton, Martinez and Thompson, which prevented the Fresno County District Attorney's Office from exercising any independent charging discretion. Even though Peralez was reported to have been under the influence of some stimulant drug in the police reports, and he was reportedly subjected to a blood draw at the hospital, the Health and Safety Code § 11550 charge listed in his citation was not included in the criminal complaint.

24. After numerous court appearances, on March 6, 2014, the Fresno County District Attorney dismissed the criminal action against Peralez for insufficient evidence. Thus, the criminal prosecution clearly terminated in Peralez's favor. The circumstances of the criminal case confirm this fact, since the officers' false reports were contradicted by numerous witnesses who saw the events in the Fajita Fiesta parking lot, as well as the documentary

evidence that was obtained during the criminal action. It is now abundantly clear that there was not any gang or violent activity in the area of the Fajita Fiesta, and that Peralez was not fighting with or presenting a threat to anyone during the events preceding his arrest. Once these facts were ascertained, the District Attorney's Office complied with its ethical obligations and dismissed the criminal case.

25. It is also noteworthy that at least one of the arresting officers, Officer Martinez, provided input regarding the desired resolution of the criminal action. Although he obviously knew the false nature of the report allegations against Peralez, Officer Martinez did not disclose these facts to the District Attorney's Office when his approval of a proposed resolution was sought. Instead, Officer Martinez endorsed a proposed resolution contemplating Peralez's conviction of at least one of the charges. Of course, Peralez's conviction would have made it extremely difficult, if not impossible, for him to continue with this lawsuit.

26. Although he was only a Fresno Police officer for six years, Officer Catton had a long and documented history of using injurious force on citizens he contacted. Specifically: on March 28, 2009, Officer Catton and another officer shot and killed Chris Willis, after the officers had been following Willis on foot prior to the shooting, in the darkness of the early morning. Officer Catton reloaded twice during this fusillade of 41 rounds, which was not preceded by any warning or notification that the officers were indeed policemen. Although Willis had a handgun in his position, since he had gone to the shooting range that evening, Officer Catton stated that he and the other officer began firing when Willis' weapon was holstered. The worst offense that Willis may have committed before the armed confrontation was drunken driving.

27. In addition to the Willis shooting, Peralez is informed and believes that Officer Catton has been the subject of numerous complaints of excessive force and dishonesty as a police officer. While these uses of force, or at least some of them, have been reviewed individually by the Fresno Police Department, the overall import of these incidents has been ignored. Peralez believes that no one at the Fresno Police Department has asked or answered the critical question of why some officers use force very infrequently, if at all, but other similarly situated officers use force, including injurious force, with great regularity. Peralez is also informed and believes that the Fresno Police Department has likewise failed to scrutinize or review the reports of the officers who inordinately use force, to question why they seem to be the objects of citizen aggression so much more frequently than other officers.

28. Peralez contends that the answer to these questions is that the Fresno Police Department has a custom, policy and/or practice of hiring and retaining officers who, through their demonstrated behavior, field performance, temperament and psycho-social profile, are unsuited to be police officers and are more prone to use injurious force than reasonable officers should be. Such officers can receive any amount of training, but it will not change their essential personal characteristics that make them a danger to the public if given peace officer powers. The California Commission on Police Officer Standards and Training (POST) has established a demanding, ten dimension psychological screening paradigm, with the underlying premise that not everyone who is ostensibly eligible to become a peace officer should actually be a police officer. Nor should everyone who gets hired as a police officer continue to be a full-fledged police officer and given opportunities to interact with the public in potentially stressful situations.

29. Peralez further contends that the Fresno Police Department has a custom, policy

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF                -10-

and/or practice of failing to investigate allegations of force and dishonesty in good faith, instead conducting result-oriented investigations intended more to protect officers from civil liability than detect police misconduct. Officers such as Officer Catton and the other officers involved in this incident are all too aware of this lenience and accordingly do not hesitate to use injurious force and write false reports to justify such force. These officers know that the City of Fresno and the Police Department will endorse even the extreme measures taken in this case to protect them from civil liability, regardless of the what the truth may be.

30. As a result of the misconduct described above, Peralez has been damaged significantly. Peralez sustained physical injuries, expenses for necessary medical and pharmacy services, loss of income, out-of-pocket expenditures, and physical and emotional pain and suffering as a result of the incidents alleged above. These injuries will endure into the future and are accruing in nature.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

Unconstitutional Arrest - 4th Amendment
(42 U.S.C. § 1983)
(Against Defendants Officers Catton, Martinez and Thompson, and DOES 3-20)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

32. Defendants' above-alleged misconduct resulted in plaintiff's being falsely arrested without probable cause on October 6, 2012, in violation of his Fourth Amendment rights. The actions of the responsible DOE defendants also contributed to this violation.

33. As a direct and proximate result of these defendants' misconduct, plaintiff was damaged as alleged hereinabove.

34. The aforementioned misconduct of the named individual defendants was malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights, thereby entitling him to an award of exemplary and punitive damages according to proof and as permitted by law.

### SECOND CLAIM FOR RELIEF

Excessive and Unreasonable Force - 4th Amendment
(42 U.S.C. § 1983)
(Against Defendants Officer Catton, Martinez and Thompson, and DOES 3-20)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

36. The defendants' above-alleged misconduct resulted in plaintiff's being subjected to excessive and unreasonable force, in violation of his Fourth Amendment rights. The actions of the responsible DOE defendants also contributed to this violation.

37. As a direct and proximate result of these defendants' misconduct, plaintiff was damaged as alleged hereinabove.

38. The aforementioned misconduct of the named individual defendants was malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights, thereby entitling him to an award of exemplary and punitive damages according to proof and as permitted by law.

### THIRD CLAIM FOR RELIEF

Unconstitutional and Retaliatory Prosecution
(42 U.S.C. § 1983, 1st and 4th Amendments)
(Against Defendants Officer Catton, Martinez and Thompson, and DOES 3-20)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

40. Defendants' above-alleged misconduct resulted in plaintiff's being charged with crimes without probable cause on or about September 9, 2013. Plaintiff's prosecution not only was unsupported by probable cause, in violation of his Fourth Amendment rights, it also was in retaliation for his exercising his First Amendment right to petition the government for redress. The actions of the responsible DOE defendants also contributed to this violation.

41. As a direct and proximate result of these defendants' misconduct, plaintiff was damaged as alleged hereinabove.

42. The aforementioned misconduct of the named individual defendants was malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights, thereby entitling him to an award of exemplary and punitive damages according to proof and as permitted by law.

### FOURTH CLAIM FOR RELIEF

Municipal Liability
(42 U.S.C. § 1983, 1st and 4th Amendments)
(Against Defendant Fresno)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

44. As alleged above and specified in paragraphs 26-29, plaintiff is informed and believes that Fresno maintained policies or *de facto* informal customs or practices that were the moving force behind the subject incident. The customs, policies and/or practices of Fresno were the moving force behind, and thus a direct and proximate cause of, the denials of plaintiff's constitutional rights, as set forth in the preceding claims for relief.

45. Fresno's above-alleged misconduct is affirmatively linked to the constitutional violations set forth in plaintiff's First, Second and Third Claims for Relief, and constituted

deliberate indifference to the constitutional rights asserted in those claims.

46. As a direct and proximate result of the aforementioned misconduct, plaintiff suffered the injuries and damages alleged hereinabove.

### FIFTH CLAIM FOR RELIEF

Violation of the First and Fourth Amendments to the U.S. Constitution
and the California Constitution Art I., §§ 1, 2, 3, and 13
(Cal. Civil Code § 52.1)
(Against All Defendants)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

48. Defendants, and each of them, violated plaintiff's federal and state constitutional rights to be free of false arrests unsupported by probable cause, and excessive and unreasonable force. The defendants did this through either personal actions, and/or through the actions and failures of their employees/agents.

49. As a direct and proximate result of defendants' federal and state constitutional violations, plaintiff has suffered damages as alleged herein.

50. As a further consequence of these defendants' violations and interference with his rights, plaintiff is entitled to the remedies, attorney fees, and civil penalties pursuant to Cal. Civil Code § 52.1, *et seq.*

### SIXTH CLAIM FOR RELIEF

False Arrest
(California State Law)
(Against All Defendants)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

52. Defendants' above-alleged misconduct resulted in plaintiff's being falsely arrested without probable cause on October 6, 2012, in violation of his California state law rights. Fresno is equally responsible for this misconduct of its employees. The actions of the responsible DOE defendants also contributed to plaintiff's false arrest/unlawful detention.

53. As a direct and proximate result of these defendants' misconduct, plaintiff was damaged as alleged hereinabove.

54. The aforementioned misconduct of the named individual defendants was malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights, thereby entitling him to an award of exemplary and punitive damages according to proof and as permitted by law.

### SEVENTH CLAIM FOR RELIEF

Battery
(California State Law)
(Against All Defendants)

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

56. Defendants' above-alleged misconduct resulted in plaintiff's being subjected to offensive and harmful contact against his will, in violation of his California state law rights to be free from battery and physical harm. Fresno is equally responsible for this misconduct of its employees. The actions of the responsible DOE defendants also contributed to plaintiff's being unlawfully battered.

57. As a direct and proximate result of these defendants' misconduct, plaintiff was damaged as alleged hereinabove.

58. The aforementioned misconduct of the individual defendants was malicious,

reckless and/or accomplished with a conscious disregard of plaintiff's rights, thereby entitling him to an award of exemplary and punitive damages according to proof and as permitted by law.

### EIGHTH CLAIM FOR RELIEF

Negligent Use of Force; Negligent Supervision
(California State Law)
(Against All Defendants)

59. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

60. The defendants each have a duty to perform their official and public duties in a non-negligent manner, and, by committing the misconduct alleged above, they each breached that duty. Specifically, the individual defendants were, at minimum, negligent in using unreasonable and excessive force against plaintiff, and in arresting him. Fresno is also responsible for the negligent acts of its employees and agents, as described above, as well as the negligence of the Fresno Police Department in allowing the illicit customs, policies and practices set forth in paragraphs 26-29 to persist. The actions of the responsible DOE defendants also were negligent.

61. Defendants' above-alleged misconduct resulted in plaintiff's being falsely arrested, unlawfully detained, subjected to unreasonable and excessive force, battered, and retaliated against.

62. As a direct and proximate result of these defendants' conduct, plaintiff was damaged as alleged hereinabove.

## NINTH CLAIM FOR RELIEF

Injunctive and Declaratory Relief
(Code of Civil Procedure § 526, 1060)
(Against All Defendants)

63. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

64. The defendants' above-alleged misconduct, resulted in plaintiff's being subjected to federal and state civil rights violations, false arrest/unlawful detention, battery, and negligent acts. However, even if plaintiff prevails on his legal claims, he has no adequate remedy for his arrest record related to the October 6, 2012 incident, and the public records related to that incident.

65. Plaintiff seeks an injunction and declaration from this Court that, based on the factual transaction underlying this proceeding, his rights as outlined hereinabove were violated. In connection therewith, plaintiff requests an injunction prohibiting the continued posting and publication of his arrest record on mediums that are accessible to the public or government officials. Plaintiff also seeks a remedial order requiring the Fresno Police Department to implement effective programs and policies to prevent future similar misconduct by its officers.

66. Plaintiff also requests further necessary and proper relief as provided for under Code of Civil Procedure §§ 526 and 1060 and is entitled to attorney's fees under Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, general and special damages against each defendant in an amount proven at trial;

2. For punitive and exemplary damages against each named individual defendants, in an amount appropriate to punish them and deter others from engaging in similar misconduct;

3. For statutory damages and penalties, including treble damages, under California Civil Code § 52, et seq., as to the Fifth Claim for Relief;

4. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and as otherwise authorized by federal or state statute or law;

5. For such other relief, including the above-requested injunctive and declaratory relief, as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury as to all his claims for relief seeking legal remedies.

Dated: March 7, 2014

_____
Kevin G. Little
Attorney for Plaintiff Mario Peralez

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF         -18-