# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO PERALEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>GREGORY CATTON, et al.,<br><br>   Defendants.<br>_____/ | Case No.  1:14-cv-00436-SKO<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IFP**<br><br>(Docs. 15)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 17) |

## I.   INTRODUCTION

Plaintiff, Mario Peralez ("Plaintiff"), through his counsel, Kevin Little, Esq., filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 10, 2014, in Fresno County Superior Court. On March 26, 2014, Defendants removed this action to federal court.   On March 28, 2015, after this action had been pending for more than a year, Plaintiff filed a motion to proceed *in forma pauperis* and to have Mr. Little, his current counsel, appointed pursuant to General Order 230. Defendants filed an opposition, and Plaintiff filed a reply.   For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is GRANTED, and Plaintiff's motion for appointment of counsel is DENIED.

## II. BACKGROUND

Plaintiff filed this action on March 10, 2014. (Doc. 1.) Plaintiff was not pro se when the complaint was filed -- it was filed on his behalf by Mr. Little. Since that time, Plaintiff has remained represented by Mr. Little. Approximately one year after the filing of this action, Plaintiff filed an application to proceed in forma pauperis and for court appointment of Mr. Little as his counsel.

## III. DISCUSSION

### A. Plaintiff's Application to Proceed In Forma Pauperis is GRANTED

Plaintiff filed an application to proceed *in forma pauperis* on March 28, 2015. (Doc. 15.) The application demonstrates that Plaintiff is entitled to proceed without the prepayment of fees, and the request to proceed *in forma pauperis* is GRANTED.

### B. Plaintiff's Motion for Appointment of Counsel is DENIED

Through his counsel, Plaintiff also filed a motion requesting that Mr. Little (1) be appointed to represent Plaintiff under General Order 230; (2) be authorized to incur costs subject to payment or reimbursement thereunder; and (3) if appointed, be permitted to file future request for funding under seal. (Doc. 17.) He argues that if future requests for funding are not filed under seal, confidential and protected attorney work product would necessarily be divulged which would prejudice the representation of Plaintiff, and Plaintiff asserts his request is similar to one for funding under the Criminal Justice Act. (Doc. 17.)

In opposition, Defendants argue that despite claiming an inability to afford the costs of this lawsuit without court appointment of counsel, Plaintiff has been able to respond to discovery and other litigation demands for the entire pendency of this litigation. Mr. Little will likely pursue a substantial award of attorneys' fees pursuant to 42 U.S.C. § 1988 if the lawsuit is successful. As such, there is no basis to permit extra funds be awarded to Mr. Little as appointed counsel. General Order 230 was never intended to finance attorneys who would be sufficiently compensated in the event they prevail in the litigation.

Plaintiff's motion for the appointment of counsel is properly analyzed under General Order 510, which superseded General Order 230 in its entirety as well as General Orders 154, 259, and

2

1  377 to the extent they address reimbursement of pro bono counsel for indigent civil litigants.
2  General Order 510 provides for "reimbursement of pro bono counsel appointed in indigent pro se
3  civil cases." Thus, a very basic premise of General Order 510 is that Plaintiff must be without
4  counsel when the appointment of counsel is sought. While Plaintiff applied and made a sufficient
5  showing of indigence to have his application to proceed *in forma pauperis* granted, Plaintiff
6  clearly is not now, nor has he ever been, pro se in this action.

7  Further, there is no constitutional right to appointed counsel in a Section 1983 action.
8  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  However, in "exceptional
9  circumstances," a district court may, in its discretion, appoint counsel for indigent civil litigants
10 pursuant to 28 U.S.C. § 1915(d). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (quoting
11 *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)). Exceptional circumstances may be found
12 to exist after evaluation of both "the likelihood of success on the merits and the ability of the
13 petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."
14 *Rand*, 113 F.3d at 1525 (quotations and citations omitted). This showing has not been met.

15 In his supporting declaration, Mr. Little asserts that "Defendants have not challenged the
16 legal sufficiency of plaintiff's claims, and this matter appears headed toward trial." (Doc. 17,
17 Decl. of Little, ¶ 1.) However, the deadline for filing dispositive motions in this action is not until
18 November 16, 2015. Defendants need not challenge Plaintiff's claims before that date, and, even
19 if they elect not to file a dispositive motion, there is no basis on the record or presented by Mr.
20 Little to show that Plaintiff is likely to succeed on the merits if and when this action proceeds to
21 trial. Many cases proceed to trial without dispositive motions and result in defense verdicts.
22 Thus, it cannot be determined that, at this stage of the litigation, Plaintiff is likely to succeed on
23 the merits. Further, Plaintiff presents neither evidence nor even argument from which to ascertain
24 whether this action involves legal issues that are more complex than the hundreds of other actions
25 filed by pro se plaintiffs under Section 1983 that are currently pending such that appointment of
26 counsel would be justified. Finally, Plaintiff makes no showing upon which it might be
27 ascertained whether Plaintiff is able to articulate his claims pro se.
28

Also in his supporting declaration, Mr. Little asserts that the terms of his fee agreement with Plaintiff show that this case is not the type that private attorneys in the area ordinarily accept without a prepaid fee. (Doc. 17, ¶ 7.) In so asserting, Mr. Little discloses that his fee agreement with Plaintiff "contemplates a statutory fee rather than a conventional contingency agreement and that plaintiff(s) will receive any recovery awarded without reduction." (*Id.*) The Court does not doubt that not many attorneys would enter into a fee agreement wherein the client would receive any recovery awarded without reduction. However, Mr. Little cites no legal authority to support that his fee agreement with Plaintiff is the only form allowed in this type of action, or even that it is commonly utilized by the legal community when representing an indigent plaintiff in actions under Section 1983 and the Court finds none.

Plaintiff's motion to appoint Mr. Little as his counsel under General Order 510, after more than a year of representation, must fail as Plaintiff has not been pro se at any time during the course of this action. Further, Plaintiff fails to show that exceptional circumstances exist to justify an appointment in the discretion of the Court.

Finally, as Plaintiff's motion to be appoint Mr. Little as Plaintiff's counsel is denied, his advance request to seal all of his filings for reimbursements need not be reached. However, even if this issue were ripe for determination, Plaintiff's request to seal fails to comply with Local Rule 141 and is therefore procedurally improper.

### IV. CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED that

1. Plaintiff's application to proceed *in forma pauperis* is GRANTED; and
2. Plaintiff's motion to appoint Mr. Little as civil rights counsel and his request to file future funding requests under seal is DENIED.

IT IS SO ORDERED.

Dated:   **April 28, 2015**             **/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE